## Gibbs Estate

*J. Montgomery Forster* and *Charles Myers,* for accountant.

*Elgin E. Weest,* for Commonwealth.

VAN RODEN, P. J., December 28, 1951.—Decedent died March 2, 1950, survived by neither spouse nor issue. By three separate wills, each dated September 24, 1947, decedent purported to dispose of his estates in England, Canada and the United States of America respectively. . . .

The inheritance tax due the Commonwealth of Pennsylvania has been paid to the extent of $33,781.51 as indicated by the receipts for tax submitted for the court's inspection. However, counsel for the Commonwealth appeared at the audit and stated that a supplemental inventory and appraisement had been filed and that there may be additional tax due in connection therewith. Likewise, it was stated at the time of audit, that a question has arisen as to whether in appraising the value of decedent's assets subject to Pennsylvania transfer inheritance tax, should there be deducted administration expenses and debts incurred in Canada and England, and taxes on the transfer of stocks and bonds of Canadian corporations, bonds of the Dominion of Canada, Canadian bank accounts and English securities paid to the Dominion of Canada, the Provinces of Ontario and Quebec, and Great Britain. Subsequently, under date of December 12, 1951, counsel for the Commonwealth informed the court that he had received an opinion from Deputy Attorney General Francis J. Gafford, stating that payment of taxes imposed by Canada were proper deductions in computing the clear value of decedent's estate, and that the administration expenses actually paid in Canada and England are likewise allowable deductions under our statute. Accordingly, the court holds that the accountant must be allowed deductions for foreign taxes and administration expenses in the computation of the inheritance tax. However, inasmuch as the supplemental inventory listed an American asset stated to be of no value, and it appears that the Commonwealth has not yet had an opportunity to make another appraisement of such asset, this adjudication is made subject to the payments of such additional inheritance tax, if any, as may properly be found to be due. . . .